UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IN RE:

Harold F. Jung and
Alia I. Jung,

    Debtors.

Case No. 18-12211

---

Harold F. Jung

    Plaintiff,

v.

United States of America,
Internal Revenue Service

    Defendant.

Adversary Proceeding No: _____

---

COMPLAINT TO DETERMINE TAX LIABILITY OF DEBTORS
PURSUANT TO 11 U.S.C. SEC. 505
AND TO DELCARE THE DISCHARGEABILITY OF SUCH TAX

---

NOW COMES Harold Jung, by his attorney, George B. Goyke of Goyke & Tillisch, LLP, Plaintiff in this Adversary Proceeding and Debtors in the Chapter 7 Bankruptcy Proceeding referenced above and files this Complaint to Determine Tax Liability and to Declare the Dischargeability of this tax:

### JURISDICTION, VENUE and PARTIES

1. This is an action to determine tax liability pursuant to 11 U.S.C. sec. 505(a) and to further declare that such tax liability is dischargeable.
2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334.
3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), (I), (K) and (O) and/or 157(c).
4. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1409(a).
5. The Debtor/Plaintiff is a citizen of Wisconsin and resides in Wood County.

6. The Internal Revenue Service is a sub-division of the United States of America. It is a creditor of the Plaintiff by virtue of certain claims to additions to income taxes as more fully set forth below.

## STATEMENT OF FACTS

7. The Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 6 *supra* as though fully set forth herein.
8. The Plaintiff filed a voluntary Chapter 7 bankruptcy petition on June 28, 2018 ("the petition date").
9. Beginning in approximately 2005, the Debtor began a business doing mechanical consulting in the Vesper, Wisconsin area which ultimately operated nationwide.
10. The Plaintiff operated his business as a sole proprietorship under the name Jung & Associates.
11. The Plaintiff, from 2005 to present, has always used a professional accounting firm to prepare his taxes.
12. The Plaintiff, from 2005 to present, has timely filed his income taxes and paid the tax that was indicated on the tax return.
13. The Plaintiff underwent a tax audit for the year 2013.
14. Upon review of the Plaintiffs filed taxes for 2008-2013, the IRS deemed the Debtor to have inappropriate business expenses and denied the deductions for those expenses.
15. The IRS, acting in alleged pursuit of its delegated authority from the U.S. Department of Treasury, increased the taxes declared to be due thereon by issuing Notices of Deficiencies, and made efforts to collect the alleged deficiencies. These deficiencies are as follows:

| Tax Year | Deficiency/ Increase in tax Penalties or Additions to Tax | Penalty |
| --- | --- | --- |
| 12/31/08 | $27,917.00 | $20,937.75 |
| 12/31/09 | $15,229.00 | $11,421.75 |
| 12/31/10 | $55,829.00 | $41,871.75 |
| 12/31/11 | $39,798.00 | $29,848.50 |
| 12/31/12 | $40,783.00 | $30,453.00 |
| 12/31/13 | $8,609.00 | $892.60 |

16. There is no claim from the IRS that any other taxes are due from the years 2005 to 2017, inclusive.

## COUNT ONE—DETERMINATION OF TAX LIABILITY

17. The Plaintiff realleges and reincorporates the allegations of Paragraphs 1 through 15 herein as if set forth in full.
18. There has been no adjudication by any court of competent jurisdiction prior to the commencement of the case that the amount of deficiency and penalty is correct.
19. The Bankruptcy Court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjucicated by a judicial or administrative tribunal of competent jurisdiction. 11 U.S.C. sec. 505(a)(1).
20. The IRS claim for additions to tax through the Notices of Deficiency are incorrect.
21. The IRS claim for penalty is incorrect.
22. The Bankruptcy Court should determine that the tax additions and penalties are in the amount of $0 and that the amounts claimed are not legally owing.

## COUNT TWO—DECLARATION OF DISCHARGEABILITY

23. The Bankruptcy Court may declare the dischargeability of any tax claim. 28 U.S.C. § 2201.
24. To the extent that the income tax claims set forth above are owing, they are dischargeable.
    a. The tax claims are for income taxes.
    b. The tax returns were timely filed.
    c. The taxes each last fell due more than three years prior to the date of the commencement of the case.
    d. The taxes each were assessed more than 240 days prepetition.
    e. The tax returns were non-fraudulent.

WHEREFORE, the Plaintiff requests that the Court enter an order:
a) Determining the amount of federal taxes and/or penalties owed by Plaintiff for tax years 2005 to the present;
b) Declaring that the income tax owing by Plaintiff to the IRS for tax years 2005 through 2012, inclusive, are dischargeable in this proceeding;
c) For his costs and disbursements in this action; and

d) For such further and other relief as the Court deems just and equitable.

Dated this 10th day of August, 2018

GOYKE & TILLISCH, LLP

George B. Goyke
Attorney for
Wis. Bar No. 1001340

GOYKE & TILLISCH, LLP
816 N. 3rd Street, Suite B
P.O. Box 2188
Wausau, WI 54402-2188
(715) 849-8100
goyke@grandlawyers.com