UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:                                                          Case No.: 18-12211-7

HAROLD F. JUNG and
ALIA I. JUNG,

                Debtors.

---

HAROLD F. JUNG,

                Plaintiff,
    v.                                                          Adversary No.: 18-52

INTERNAL REVENUE SERVICE,

                Defendant.

---

## **MEMORANDUM DECISION**

Harold Jung asks the Court to determine the dischargeability of taxes and penalties assessed by the Internal Revenue Service ("IRS") for the tax years 2008 to 2013.[1] Jung and his wife, Alia, received Notices of Deficiency from the IRS for those years. Shortly after the second Notice of Deficiency, they filed a Chapter 7 petition.  Jung then filed this adversary. The IRS responded with a Motion to Dismiss on the ground of lack of subject-matter jurisdiction.

## **BACKGROUND**

Jung and his wife ("Debtors") filed and paid their joint 2008 to 2013 income tax returns and self-reported tax liabilities:

---

[1] The IRS has asserted civil fraud penalties against only Harold. Alia is not a party to this adversary.

| Tax Year | Filing Date | Assessment Date | Tax Assessed |
|---|---|---|---|
| 2008 | May 18, 2009 | May 18, 2009 | $9,445.00 |
| 2009 | May 24, 2010 | May 24, 2010 | $24,715.00 |
| 2010 | May 16, 2011 | May 16, 2011 | $24,764.00 |
| 2011 | May 14, 2012 | May 14, 2012 | $14,273.00 |
| 2012 | June 3, 2013 | June 3, 2013 | $14,542.00 |
| 2013 | June 2, 2014 | June 2, 2014 | $11,699.00 |

ECF no. 15 at 2.[2]

The IRS audited the Debtors' income tax returns. It determined the Debtors "had additional income tax deficiencies due to unreported business income." This also resulted in a determination that Jung is liable for civil fraud penalties. The deficiencies total $187,986.00. Civil fraud penalties total $137,880.00. Totaling $325,866.00, the tax and penalties are:

| Tax Year | Additional Tax Due | Fraud Penalties Due |
|---|---|---|
| 2008 | $27,917.00 | $20,937.75 |
| 2009 | $15,229.00 | $11,421.75 |
| 2010 | $55,829.00 | $41,871.75 |
| 2011 | $39,798.00 | $29,848.50 |
| 2012 | $40,604.00 | $30,453.00 |
| 2013 | $8,609.00 | $3,347.25 |

ECF no. 15 at 3.

The IRS issued a Notice of Deficiency to the Debtors for the deficiencies and penalties for the tax years 2008 to 2012. The IRS then issued a Notice of Deficiency for the deficiencies and penalties due for 2013. Neither Jung nor his wife have filed a petition in the United States Tax Court to contest the deficiencies or penalties. ECF no. 15 at 3. After the second of the Notices, the Debtors filed a chapter 7 petition.

---

[2] Unless otherwise specified, ECF citations reference the docket in the adversary proceeding (no. 18-52).

Jung seeks to determine and discharge his tax liability and penalties. The IRS moved to dismiss this adversary on the ground of lack of subject-matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). The IRS asserts the adversary should be dismissed because the decision will not affect creditors given that the case is a no asset chapter 7. The IRS argues that even if the Court has jurisdiction, the Court should abstain from exercising it "in the interests of judicial economy and because a more appropriate forum exists to adjudicate this matter."

Jung responds the Court has jurisdiction because (1) the determination of tax liability arises under Section 505(a) of the Code, and (2) a dischargeability determination is a core proceeding.

## ANALYSIS

A. <u>The Court has subject-matter jurisdiction</u>.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3), adopted by Fed. R. Bankr. P. 7012(b). A court has initial jurisdiction to consider whether it has subject-matter jurisdiction for the purpose of Federal Rules of Bankruptcy Procedure 7012 adopting Fed. R. Civ. P. 12(b)(1) and 12(h)(3). *Henry v. United States*, 277 Fed. Appx. 429, 434 (5th Cir. 2008). The party alleging jurisdiction bears the burden of proof. *Nuveen Mun. Trust ex rel. Nuveen Yield Mun. Bond Fund v. Withumsmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012).

3

"The jurisdiction of the bankruptcy courts . . . is grounded in, and limited by, statute." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). Congress's general grant of bankruptcy jurisdiction is in section 1334 of Title 28 of the U.S. Code. Congress vested the district courts with original but not exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 157 of Title 28 allows a district court to refer to the bankruptcy court for the district "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." *Id.* § 157(a). The District Court has done so in this District.

Courts view sections 1334 and 157 in the context of section 505(a) of the Code. Section 505(a) gives bankruptcy courts authority to decide certain tax matters. This section provides:

> [T]he court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.
>
> The court may not so determine the amount of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title.

11 U.S.C. § 505(a)(1)–(2).

Core proceedings include "determinations as to the dischargeability of particular debts." 28 U.S.C. § 157(b)(2)(I).

The Seventh Circuit defines "core proceedings" as:

4

> A proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.

*Diamond Mortg. Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990) (citation omitted). Among the list of actions found by law to fall within the scope of a "core proceeding" are "determinations as to the dischargeability of a particular debt." The action here conforms exactly to this category.

Indeed, determination of dischargeability does not exist outside bankruptcy. It arises under Title 11. Determination of tax liability is a prerequisite to determining dischargeability. The broad grant of jurisdiction to hear tax disputes supports the exercise of jurisdiction.

Most courts hold that section 505(a) is not an independent jurisdictional basis outside 28 U.S.C. § 1334. *United States v. Zellers (In re CNS, Inc.)*, 255 B.R. 198, 201 (N.D. Ohio 2000) ("The subject matter jurisdiction of bankruptcy courts over tax proceedings is derived from the jurisdiction of the federal district courts under 28 U.S.C. § 1334 . . . ."). Thus, any exercise of jurisdiction under section 505(a) must stem from one of the three components of 28 U.S.C. § 1334: arising under, arising in, or related to a bankruptcy case. Although section 505(a) is not an independent grant of jurisdiction, courts recognize "[t]he legislative history is indicative of Congressional intent to vest the bankruptcy courts with a fairly broad jurisdictional grant under § 505(a)." *In re Schmit*, 205 B.R. 394, 397 (Bankr. N.D. Ill. 1997) (citing a 1977 Congressional House Report).

A proceeding "arises under" Title 11, under sections 1334 and 157, when the action is based on a right or remedy explicitly provided in Title 11. *Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994). Courts within the Seventh Circuit are split about whether a proceeding brought under section 505(a) "arises under" Title 11. The Bankruptcy Court for the Northern District of Illinois opined "[t]he determination of tax liability provided for by § 505(a) 'arises under' the Bankruptcy Code." *In re UAL Corp.*, 336 B.R. 370, 371 (Bankr. N.D. Ill. 2006). The Southern District of Indiana held differently:

> By filing their motion under § 505, the Debtors are not invoking a "substantive right" under that statute, but rather a procedural one: They are seeking to have a substantive question of law that arises under the Internal Revenue Code decided by means of a procedure provided for by Title 11. Accordingly, the § 505 motion does not "arise under" Title 11.

*In re Bush*, No. 1:15-cv-1318-WTL-DKL, 2016 WL 4261867 at *3 (S.D. Ind. Aug. 12, 2016). Each of these cases, however, involved a motion solely under section 505 to determine the amount of a tax. Neither invoked a decision on dischargeability.

In contrast, *Kohl v. IRS (In re Kohl)*, 397 B.R. 840 (Bankr. N.D. Ohio 2008), involved joint debtors in a no asset chapter 7 case who filed an adversary seeking to discharge a tax penalty assessed against the debtor-wife. *Id.* at 840. The IRS moved to dismiss for lack of subject-matter jurisdiction on the ground a determination of tax liability would serve no purpose in a no asset chapter 7 case. *Id.* at 842. The court held it had jurisdiction because the debtor-wife sought a dischargeability determination, a substantive right granted by the Code. *Id.*

6

While *Swain v. United States Dep't of Treasury (In re Swain)*, 437 B.R. 549 (Bankr. E.D. Mich. 2010), held there was no subject-matter jurisdiction over a tax dispute, it is distinguishable from *Kohl*. *Id.* at 552. There, the debtor and IRS agreed any debt owed to the IRS was nondischargeable. *Id.* at 556. The debtor did not seek to discharge a debt. *Id.* She sought only to determine the amount of tax liability. *Id.* As described in *Swain*:

> This proceeding is not one "arising under title 11" because it does not "involve a cause of action created or determined by a statutory provision of title 11." *See Bliss Technologies, Inc. v. HMI Indus., Inc. (In re Bliss Technologies, Inc.),* 307 B.R. 598, 602 (Bankr. E.D. Mich. 2004 (quoting *Wolverine Radio,* 930 F.2d at 1144). In substance, [the debtor] seeks only a determination that she owes no debt to the IRS for a tax penalty under 26 U.S.C. § 6672. The only matter in dispute . . . will be determined by federal non-bankruptcy law, namely the Internal Revenue Code (title 26), rather than any provision of the Bankruptcy Code (title 11).

*Swain*, 437 B.R. at 559–60.

The Bankruptcy Court for the Northern District of Ohio succinctly contrasted the holdings in *Kohl* and *Swain*:

> [The *Kohl* court] examined the jurisdiction framework of §§ 1334 and 157(b) and found that, although the dischargeability action brought by the debtors did not directly impact their bankruptcy estate, it clearly invoked a substantive right created by federal bankruptcy law which could exist only within the confines of a case under title 11. *Kohl,* 397 B.R. at 843–44. In finding that it had jurisdiction to determine whether the debtor-wife owed a debt to the IRS, [the *Kohl* court] focused on § 157(b)(2)(I), unlike the court in *Swain,* 437 B.R. at 556, which had concluded the debtor in that case was not seeking a determination that she owed no debt. [The *Kohl* court] noted that the existence of a debt is a key component in any dischargeability action and that the United States, having assessed the tax penalties against [the debtor-wife], had acknowledged this key component. *Kohl,* 397 B.R. at 844.

7

*Johnston v. City of Middletown (In re Johnston)*, 484 B.R. 698, 709–10 (Bankr. S.D. Ohio 2012).

The material facts here are indistinguishable from *Kohl*. The IRS assessed tax and penalties against Jung. He filed bankruptcy and asks the Court to determine whether the tax and penalties are dischargeable. Determination of the amount of tax or penalties and the decision on dischargeability are intertwined. In the end, determinations about whether a debt is dischargeable are substantive rights provided by 11 U.S.C. § 523.

In sum, this Court has jurisdiction. Dischargeability is a core proceeding. It is a substantive right that does not exist outside bankruptcy. Having assessed tax and penalties, the IRS acknowledges there is a debt. If necessary, this Court can determine the amount of tax or penalties as part of the decision on dischargeability.

B.  Permissive abstention is not appropriate.

The Court must next decide whether it should abstain from exercising jurisdiction. The doctrine of discretionary abstention is set forth in 28 U.S.C. § 1334(c)(1):

> [N]othing in this section prevents a [bankruptcy] court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

"Permissive abstention is available in core as well as non-core proceedings." *Garland & Lachance Constr. Co., Inc. v. City of Keene*, 144 B.R. 586, 594 (D.N.H. 1991). "While it is true that discretionary abstention is

8

normally inappropriate if a matter is a core proceeding, . . . the rule is not inflexible and the Court retains the power to abstain" even if the proceeding is a core proceeding. *Id.*

Section 505(a) of the Code explicitly provides the Court *may* determine the amount or legality of any tax. 11 U.S.C. § 505(a)(1). Use of the word "may" is "indicative of the discretionary nature" to exercise jurisdiction. *Schmidt*, 205 B.R. at 397.

"[W]here the aims of § 505 would not be furthered, discretionary abstention . . . [is] appropriate." *Kohl*, 397 B.R. at 845. There are two principal purposes of section 505. "First, in order to facilitate the bankruptcy goal of expediting the administration of claims against the estate, § 505 was enacted to provide a forum for the speedy resolution of disputed tax claims so as to avoid any delay in the administration of the bankruptcy case." *Id.* (citing *Stevens v. United States IRS (In re Stevens)*, 210 B.R. 200, 202 (Bankr. M.D. Fla. 1997)). "In addition, Congress also sought . . . to protect creditors from the dissipation of estate assets which could result if creditors were bound by [a] tax judgment which the debtor, due to his ailing financial condition, did not contest." *Kohl*, 397 B.R. at 845 (citing *In re Northwest Beverage, Inc.*, 46 B.R. 631, 635 (Bankr. N.D. Ill. 1985)).

Additionally, many courts consider a non-exclusive list of factors, including:

1. The complexity of the tax issues to be decided;
2. The need to administer the bankruptcy case in an orderly and efficient manner;

9

3. The burden on the Bankruptcy Court's docket;

4. The length of time required for trial and decision;

5. The asset and liability structure of the debtor; and

6. The prejudice to the debtor and potential prejudice to the taxing authority.

*In re Galvano*, 116 B.R. 367, 372 (Bankr. E.D.N.Y. 1990).

Contrary to the IRS argument, section 505 is not the only issue here. Simply put, there is also the effect on a core proceeding to be considered. Exercising jurisdiction here furthers the purposes of section 505(a). The Court is a more efficient forum to litigate this adversary because, unlike the Tax Court, this Court has the authority to determine the amount of tax *and* make a dischargeability determination.

The IRS incorrectly asserts "there is no bankruptcy purpose to adjudicate" this adversary. This adversary involves the determination of a claim against Jung and whether it is nondischargeable. It invokes several sections of the Code, including 505(a) and 523(a).

The factors set forth in *Galvano* support the exercise of jurisdiction. Deciding the tax issues is not complex. The underlying dispute involves basic math. The IRS asserts the Debtors miscalculated certain income and deductions. Based on its review, the IRS assessed additional tax and calculated penalties. This indicates the IRS has the information it relies on to establish the amount of tax. It has also already imposed penalties against Jung. The Court is well-equipped to decide this adversary.

The IRS says the Tax Court sits in Milwaukee on March 25, 2019. This ignores the fact that no appeal to the Tax Court has been filed. It also argues that "discovery [is] necessary to properly litigate the amount of . . . tax liabilities in this Court [so] it is likely that a trial would not take place far ahead of that date." There is no indication any discovery is required. The IRS reviewed the tax returns and assessed additional tax suggesting it has gathered information already. This Court is prepared to schedule a hearing as soon as the parties are ready for trial.

Exercising jurisdiction results in a more efficient administration of the bankruptcy case and increased judicial economy. As noted, this Court has the jurisdiction to hear and decide the tax determination *and* dischargeability issues. The Tax Court lacks jurisdiction to make a dischargeability determination. Abstention may result in the Debtors litigating the tax dispute in Tax Court and then re-litigating the matter again in this Court. It makes little sense for the parties to litigate the issues and underlying facts in two different forums.

Neither Jung nor the IRS will be prejudiced by litigating this adversary in this Court. The Court has heard tax disputes and is competent to decide this adversary. From the perspective of the IRS, there are no material, substantive differences between litigating the tax disputes in Tax Court versus this Court. There is, however, prejudice to Jung if the matter is not heard in this Court. This is the only court with jurisdiction to determine dischargeability. The Bankruptcy Code and equity support the exercise of jurisdiction.

## CONCLUSION

The Court has subject-matter jurisdiction. The Debtors seek a dischargeability determination, a core proceeding under 28 U.S.C. § 157(b)(2)(I) "arising under" the Code. In addition, the Court should not abstain from exercising jurisdiction. The tax matters are not complex. It makes little sense for the Debtors to litigate potentially similar issues twice in two different forums.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

An order consistent with this decision will be entered.

Dated:  February 21, 2019

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge